## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR No. 09-072S |
| | : | |
| ALEXIS RODRIGUEZ | : | |

## REPORT AND RECOMMENDATION

Patricia A. Sullivan, United States Magistrate Judge

This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) and 18 U.S.C. § 3401(i) for proposed findings of fact concerning whether Defendant Alexis Rodriguez is in violation of the terms of his supervised release and, if so, for recommended disposition.  In compliance with that directive and in accordance with 18 U.S.C. § 3583(e) and Fed. R. Crim. P. 32.1, hearings were conducted on November 23 and 25, and December 18, 2015.  On November 23, I ordered Defendant detained pending my report and recommendation and final sentencing.

At the December 18 hearing, Defendant waived his right to a revocation hearing and admitted that he had violated the terms of his supervised release.[1]  I found him guilty of all of the violations contained in the petition.  Based on Defendant's admissions and the joint recommendation made by the government and defense counsel, I recommend that the Court revoke supervised release and impose twelve months of incarceration followed by a term of supervised release of forty-eight months.  I further recommend that, while on supervised release, Defendant be required to comply with the following condition:

---

[1] Defendant made a limited admission to Violation No. 2, admitting only that the government has sufficient factual evidence to establish by a preponderance that Defendant committed the violation; he did not admit to the offense of selling heroin.  Defendant admitted Violation Nos. 1, 3, 4, 5, 6, and 7 without limitation.

**Defendant shall participate in and satisfactorily complete a program approved by the United States Probation Office for inpatient or outpatient treatment of narcotic addiction or drug or alcohol dependency which will include testing (up to 72 tests per year) for the detection of substance use or abuse.**

## I.      BACKGROUND

On November 4, 2015, the Probation Office petitioned the Court for a warrant as a result of which Defendant initially appeared on November 23, 2015; pursuant to the joint request of Defendant and the government, the matter was continued twice.  On December 18, 2015, Defendant appeared and admitted to the following violations:[2]

**Violation No. 1: The defendant shall refrain from any unlawful use of a controlled substance.**

Mr. Rodriguez used cocaine, as evidenced by his urine screens on May 15 and June 23, 2015, and his subsequent admissions.

**Violation No. 2: While on supervision, the defendant shall not commit another federal, state, or local crime.**

On September 24, 2015, Mr. Rodriguez committed the offense of Sale of Heroin, as evidenced by his arrest by the Plainville Police Department on that date.

**Violation No. 3: The defendant shall report to the probation officer.**

On October 15, 2015, a letter was sent to Mr. Rodriguez instructing him to report to the office on October 20, 2015.  Mr. Rodriguez failed to keep the appointment. All efforts to contact Mr. Rodriguez have been unsuccessful and he is believed to have absconded from supervision.

**Violation No. 4: The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.**

On October 8, 2015, the probation officer confirmed that Mr. Rodriguez was no longer working for his employer.

**Violation No. 5: The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.**

---

[2] See n.1, *supra*.

On October 29, 2015, the probation office confirmed that Mr. Rodriguez was no longer living at his home address.

**Violation No. 6: The defendant shall participate in and satisfactorily complete a program approved by the United States Probation Office for inpatient or outpatient treatment of narcotic addiction or drug or alcohol dependency which will include testing (up to 72 tests per year) for the detection of substance use or abuse.**

Mr. Rodriguez failed to attend outpatient substance abuse treatment on July 7 as well as October 1, 8, 15 and 22, 2015.  He was subsequently discharged from treatment on October 27, 2015.

**Violation No. 7: The defendant shall participate in and satisfactorily complete a program approved by the United States Probation Office for inpatient or outpatient treatment of narcotic addiction or drug or alcohol dependency which will include testing (up to 72 tests per year) for the detection of substance use or abuse.**

Mr. Rodriguez failed to report for urine testing on July 21 and 30, September 29, and October 5, 15, 20 and 30, 2015.

## II.      APPLICABLE LAW

Title 18 U.S.C. § 3583(e)(3) provides that the Court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the Court finds by a preponderance of evidence that the defendant has violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be sentenced to a term beyond five years if the instant offense was a Class A felony, three years for a Class B felony, two years for a Class C or D felony, or one year for a Class E felony or a misdemeanor. If a term of imprisonment was imposed as a result of a previous supervised release revocation, that term of imprisonment must be subtracted from the above-stated maximums to arrive at the current remaining statutory maximum sentence.  In this case, Defendant was on supervision for a

Class B felony; therefore, he may not be required to serve more than three years imprisonment upon revocation.

Title 18 U.S.C. § 3583(e)(2) provides that if the Court finds that the defendant violated a condition of supervised release, the Court may extend the term of supervised release if less than the maximum term was previously imposed.  In this case, the maximum term of supervised release is life for each count.

Title 18 U.S.C. § 3583(h) and § 7B1.3(g)(2) of the United States Sentencing Guidelines ("USSG") provide that when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized, the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment.  The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.  In this case, the authorized statutory maximum term of supervised release is life for each count.

Section 7B1.1 of the USSG provides for three grades of violations (A, B and C). Subsection (b) states that where there is more than one violation, or the violation includes more than one offense, the grade of violation is determined by the violation having the most serious grade.

Section 7B1.1(a) of the USSG provides that a Grade A violation constitutes conduct that is punishable by a term of imprisonment exceeding one year that (i) is a crime of violence, (ii) is a controlled substance offense, or (iii) involves possession of a firearm or destructive device, or any other offense punishable by a term of imprisonment exceeding twenty years.  Grade B

violations are conduct constituting any other offense punishable by a term of imprisonment exceeding one year.  Grade C violations are conduct constituting an offense punishable by a term of imprisonment of one year or less; or a violation of any other condition of supervision.  Section 7B1.3(a)(1) states that upon a finding of a Grade A or B violation, the Court shall revoke supervision.  Subsection (a)(2) states that upon a finding of a Grade C violation, the Court may revoke, extend or modify the conditions of supervision.  In this case, Defendant has committed a Grade A violation; therefore, the Court shall revoke supervision.

Should the Court find that the defendant has committed a Grade B or C violation, § 7B1.3(c)(1) states that where the minimum term of imprisonment determined under § 7B1.4 is at least one month, but not more than six months, the minimum term may be satisfied by (a) a sentence of imprisonment; or (b) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e) for any portion of the minimum term.  Should the Court find that the defendant has committed a Grade B or C violation, § 7B1.3(c)(2) states that where the minimum term of imprisonment determined under § 7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (a) a sentence of imprisonment; or (b) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e), provided that at least one half of the minimum term is satisfied by imprisonment.  Neither of these provisions applies to this matter.

Pursuant to § 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered

to be paid or served in addition to the sanction determined under § 7B1.4 (Term of Imprisonment), and any such unserved period of confinement or detention may be converted to an equivalent period of imprisonment.  In this case, there is no outstanding restitution, fine, community confinement, home detention or intermittent confinement.

Section 7B1.4(a) of the USSG provides that the Criminal History Category is the category applicable at the time the defendant was originally sentenced.  In this instance, Defendant had a Criminal History Category of I at the time of sentencing.

Should the Court revoke supervised release, the Revocation Table provided for in § 7B1.4(a) provides the applicable imprisonment range.  In this case, Defendant committed a Grade A violation and has a Criminal History Category of I.  Therefore, the applicable range of imprisonment for this violation is twelve to eighteen months.

Section 7B1.5(b) of the USSG provides that, upon revocation of supervised release, no credit shall be given toward any term of imprisonment ordered, for time previously served on post-release supervision.

### III.   ANALYSIS

On April 1, 2010, when Defendant was just twenty-one years old, he pled guilty to possession with intent to distribute heroin and cocaine within 1,000 feet of a public elementary school and was sentenced to sixty months of incarceration to be followed by eight years of supervised release on Count I and six years on Count II.  Supervised release commenced on September 4, 2013, with a projected expiration date of September 3, 2021.  Defendant began supervision in the Southern District of New York and was transferred to the Middle District of Florida so that he could reside with relatives in 2014.  On January 14, 2015, the District of Rhode Island accepted responsibility for Defendant's supervision and supervision was officially

transferred here on June 8, 2015, although, as a practical matter, Rhode Island Probation began to work with Defendant when he returned in February 2015.

Defendant did not do well for long. He began using cocaine in May, as evidenced by the two positive screens, which are the basis for Violation No. 1. In July, Defendant began missing required drug tests, resulting in Violation No. 7, and outpatient substance abuse treatment, resulting in Violation No. 6. By October, Defendant had left his job and residence and ignored Probation's instruction that he report, resulting in Violation Nos. 3, 4 and 5. Most serious, as charged by Violation No. 2, Defendant was arrested on September 24, 2015, for selling heroin to an undercover officer in connection with a Massachusetts investigation of heroin trafficking that had resulted in an overdose death.[3] The Massachusetts state charge of sale of heroin remains pending; as of this writing, Defendant has not been charged with responsibility for the overdose death.

Based on Defendant's admission to these violations (with the limited admission to Violation No. 2), the parties jointly ask this Court to recommend a period of incarceration of twelve months, which is at the bottom of the applicable guidelines range, followed by a term of supervised release of forty-eight months. The government justified the incarceration recommendation as based on the serious breach of trust by a young man, who has returned to the same criminal activity that was the basis for his original conviction. The supervised release recommendation is for a shorter term than the original sentence but is more than enough to give Defendant the supports he will need if he wants to change the cycle of incarceration upon

---

[3] The government represented that an unknown phone number was provided to Massachusetts law enforcement by the decedent's family and was used to set up a controlled buy of heroin. When the undercover officer arrived at the agreed-upon location for the hand-to-hand sale, he encountered Defendant who delivered what was represented as heroin. When the substance, which had been purchased for $200, was tested, it turned out to be fentanyl, cocaine and another non-controlled substance. A second controlled buy, again $200 for heroin, was interrupted when Rhode Island Probation, unaware of the ongoing investigation, contacted Defendant to ask what he was doing in Massachusetts.

release.  Defense counsel concurred with the government's recommendation, emphasizing that

Defendant understands that his noncompliance is serious and requires punishment but also

asking the Court to focus on his achievement of nearly two years without issues before the

pending violations began.  Noting that "at revocation the court should sanction primarily the

defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the

underlying violation," USSG Ch. 7, Pt. A, Defendant urged this Court to leave the punishment

for the crime of selling heroin to Massachusetts.  Defendant also asked the Court to be mindful

that Defendant served a mandatory minimum term of five years while still very young and that it

was effective in punishing but not rehabilitating him.  In agreeing with the government's

recommendation of forty-eight months of supervised release, Defendant acknowledged that it

will be helpful to him to be able to access supervision's supports upon release.  He urged the

Court to adopt the joint recommendation because it will permit Defendant to be released in time

to assist his pregnant partner in raising his child and to return to his previous job where his

former employer remains willing to rehire him.  On advice of counsel, Defendant waived his

right of allocution.

Based on the foregoing and accepting the arguments of the parties, I recommend that the

Court adopt the joint recommendation of the government and Defendant.  A twelve-month

period of incarceration is sufficient punishment for the serious breach of the Court's trust, while

the forty-eight month term of supervised release is enough to allow Probation to provide

Defendant with the supports necessary to allow him to lead a successful, crime-free life.

## IV.    CONCLUSION

After considering the appropriate factors set forth in 18 U.S.C. § 3553(a) and for the

reasons expressed above, I recommend that the Court revoke supervised release and impose

twelve months of incarceration followed by a term of supervised release of forty-eight months.  I

further recommend that, while on supervised release, Defendant be required to comply with the

following condition:

> Defendant shall participate in and satisfactorily complete a program approved by
> the United States Probation Office for inpatient or outpatient treatment of narcotic
> addiction or drug or alcohol dependency which will include testing (up to 72 tests
> per year) for the detection of substance use or abuse.

Any objection to this report and recommendation must be specific and must be served

and filed with the Clerk of the Court within fourteen (14) days after its service on the objecting

party.  See Fed. R. Crim. P. 59(b); DRI LR Cr 57.2(d).  Failure to file specific objections in a

timely manner constitutes waiver of the right to review by the district judge and the right to

appeal the Court's decision.  See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008);

Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
December 21, 2015